# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

EBONI MCGRIFF,

    Plaintiff,

v.

                                      Case No. 3:25-cv-70-TJC-LLL

VYSTAR CREDIT UNION,

    Defendant.
_____/

## O R D E R

Plaintiff Eboni McGriff's amended complaint contains six counts: sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); sex discrimination under Florida Civil Rights Act of 1992 (FCRA) (Count II); violation of the Florida Consumer Collections Practices Act (FCCPA) (Count III); conversion (Count IV), retaliation in violation of Title VII (Count V); and retaliation in violation of FCRA (Count VI). (Doc. 8).

Defendant VyStar Credit Union's Motion to Compel Arbitration and Stay Proceedings argues that the entire case should be sent to arbitration because all of Plaintiff's claims arise out of, affect, or relate to VyStar's Membership and Account Agreement, which contains an arbitration provision. (Doc. 9). However, Plaintiff, inter alia, contends that her employment law claims—Counts I, II, V, and VI—have

no connection to her customer accounts with VyStar, and therefore, are not governed by the arbitration provision. (Doc. 12; Doc. 20 at 3–4).

By its terms, the Membership and Account Agreement, which contains the arbitration provision and a delegation clause, governs the relationship between VyStar and its account holders. It has nothing to do with the relationship between VyStar and its employees. Thus, Counts I, II, V, VI, the employment law counts, are not subject to arbitration. Counts III (FCCPA) and Count IV (conversion) are arguably subject to the arbitration provision.

"When confronted with litigants advancing both arbitrable and nonarbitrable claims . . . courts have discretion to stay nonarbitrable claims." Klay v. All Defendants, 389 F.3d 1191, 1204 (11th Cir. 2004) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 n. 23 (1983)) (other citations omitted). However, courts generally decline to stay proceedings of non-arbitrable claims when it is feasible to proceed with the litigation. Klay, 389 F.3d at 1204 (citations omitted). Crucial to this determination is whether arbitrable claims predominate or whether the outcome of the non-arbitrable claims will depend upon the arbitrator's decision. Id.

Here, it is feasible for the employment claims to proceed with litigation while the Court considers the potentially arbitrable claims. This is primarily a suit about Plaintiff's employment with VyStar; her status as a VyStar account holder is tangential. The potentially arbitrable claims do not predominate over the

employment claims. Neither is the outcome the employment claims dependent on the arbitration decision. Thus, it is appropriate to bifurcate and proceed with the employment claims.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. 9) is **DENIED** as to Counts I, II, V, and VI.

2. The Court **DEFERS** ruling on the motion to compel arbitration on Counts III and IV pending further consideration. No later than **August 8, 2025**, Plaintiffs will file a statement as to whether she will proceed with Counts III and IV.

3. Defendant should answer Counts I, II, V, and VI no later than **August 8, 2025**. The parties shall file a case management report as to these counts no later than **August 8, 2025**.

**DONE AND ORDERED** in Jacksonville, Florida, the 22nd day of July, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

jcd
Copies:
Counsel of record

3