**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EBONI MCGRIFF,

     Plaintiff,

                                   Case No. 3:25-cv-70-TJC-LLL

v.

VYSTAR CREDIT UNION,

     Defendant.

_____/

## O R D E R

**THIS CASE** is before the Court on Defendant's Partial Motion to Dismiss Counts V and VI of Plaintiff's Amended Complaint. Doc. 25. Only two (of six) counts are at issue here: retaliation in violation of Title VII (Count V) and retaliation in violation of the Florida Civil Rights Act (Count VI). Doc. 8.

The two claims are analyzed together.[1] For a prima facie case of retaliation, a plaintiff needs to show she: (1) engaged in statutorily protected activity, (2) suffered an adverse action, and (3) the two are causally connected. Drago v. Jenne, 453 F.3d 1301, 1307 (11th Cir. 2006). VyStar raises multiple arguments about each factor and may ultimately be correct as to some or all of its arguments.[2] But,

---

[1] FCRA claims use the same analytical framework as Title VII. See, e.g., Jones v. United Space Alliance, L.L.C., 494 F.3d 1306, 1310 (11th Cir. 2007).

[2] For instance, the Court agrees complaints raised in a termination meeting do not satisfy the requirement of a causal connection between the complaint and termination when the defendant is able to establish the termination decision was

viewing things in the light most favorable to McGriff, she has established a prima facie case for a retaliation claim.

Until VyStar Credit Union terminated McGriff's employment, she worked as a teller. McGriff alleges she complained about pregnancy discrimination in the meeting to terminate her and VyStar retaliated by having security escort her out of the building, withholding her final paycheck, and blocking her access to her personal accounts (including by not allowing her into a branch to address the issue with her personal accounts). Without deciding whether all the items McGriff identifies are adverse actions, the Court notes that withholding pay and depriving McGriff of access to her accounts may be an adverse action causally connected to her complaints in the termination meeting. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57, 69–70, 72 (2006) (noting "[m]any reasonable employees would find a month without a paycheck to be a serious hardship," and that determining whether an adverse action occurred depends on context).

VyStar's reply argues the retaliation claims should be dismissed for failure to exhaust administrative remedies because not all the specific incidents are identified in her EEOC charge. See Doc. 35 at 2. This misconstrues the standard. The standard is whether the claim is "like or related to, or grew out of, the allegations contained in [the] EEOC charge." Batson v. Salvation Army, 897 F.3d

---

already made. See Drago v. Jenne, 453 F.3d 1301, 1308 (11th Cir. 2006).

1320, 1328 (11th Cir. 2018). A plaintiff is not required to identify every possible incident of retaliation in the administrative charge to raise a retaliation claim.

Accordingly, it is hereby

**ORDERED:**

1.      Defendant's Partial Motion to Dismiss Counts V and VI of Plaintiff's Amended Complaint, Doc. 25, is **DENIED**.

2.      Defendant VyStar Credit Union is directed to answer the Amended Complaint **no later than March 26, 2026**.

**DONE AND ORDERED** in Jacksonville, Florida, the 4th day of March, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:
Counsel of record

3